Joseph A. Creitz, CBN 169552
joe@creitzserebin.com
Lisa S. Serebin, CBN 146312
lisa@creitzserebin.com
CREITZ & SEREBIN, LLP
250 Montgomery Street, Suite 1400
San Francisco, CA 94104
415.466.3090 (tel)
415.513.4475 (fax)

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISON

| | |
|---|---|
| TIMOTHY TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>STANDARD INSURANCE COMPANY, an Oregon corporation, in its capacity as fiduciary and insuring administrator of the L-1 Identity Solutions, Inc. Long Term Disability Plan, an ERISA-regulated welfare plan; and STUART ALLEN & ASSOCIATES, INC., an Arizona corporation,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 ("ERISA"), AND FOR<br><br>DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, AND<br><br>DEMAND FOR *TRIAL BY JURY* |

Now comes the Plaintiff Timothy Taylor (hereinafter "Plaintiff" or "Mr. Taylor"), who alleges as follows:

**JURISDICTION**

1.      Jurisdiction of this Court is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and in particular, ERISA §§ 502(e), 29 U.S.C. §§ 1132(e).  In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives the district courts jurisdiction over actions that arise under the laws of the United States.

**VENUE**

2.      Venue is proper under ERISA § 502(e)(2), 29 U.S.C. §1132(e)(2), in that the employee benefit plan that is the subject of this action is administered within this District, some or all of the breaches described below occurred within the territorial limits of this District, and/or the defendants may be found within the territorial limits of this District.

**PARTIES**

3.      Plaintiff TIMOTHY TAYLOR was a participant and beneficiary, within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), in the L-1 Identity Solutions Inc. Group Long Term Disability Plan (the "Plan").  At all times relevant hereto, Plaintiff resided in Concord, Contra Costa County, California.  Plaintiff currently resides in Jackson County, Oregon.

4.      Defendant STANDARD INSURANCE COMPANY ("STANDARD"), is and at all times relevant hereto was a corporation formed under the laws of the state of Oregon, with its principal place of business in the state of Oregon, and is and at all times relevant hereto was an insurance company licenses by the California Department of Insurance to conduct business in the state of California.  STANDARD is and at all times relevant hereto was, the claims

administrator, insurer, a party in interest within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14), and a fiduciary within the meaning of ERISA §§ 3(16) and 3(21), 29 U.S.C. §§ 1002(16).

5.     Defendant STUART ALLEN & ASSOCIATES, INC. ("SAA"), is a corporation formed under the laws of the state of Arizona, with its principal place of business in Tucson, Arizona, is and at all times relevant hereto was registered with the California Secretary of State, regularly conducts business in the state of California, and is a "debt collector" within the meaning of the Fair Debt Collection Practices Act "(FDCPA"), 15 U.S.C. § 1692a(g), and California Civil Code § 1788.2(c).  In committing the acts herein alleged, SAA is and was at all times acting on behalf of and as the agent of STANDARD.  As such, SAA is and was a party in interest within the meaning of ERISA § 3(14)(B), 29 U.S.C. § 1002(14)(B).

## FACTUAL ALLEGATIONS

6.     From October 2007 to December 2012, Plaintiff was employed by L-1 Identity Solutions, Inc., and was covered by the Plan.  On or about August 3, 2010 Plaintiff was riding his bicycle when a car struck him.  His injuries were catastrophic, and he was hospitalized for ten weeks.  As a result of the profound physical and cognitive impairments he suffered following the accident, Plaintiff was no longer able to work full time.  STANDARD, as a fiduciary and as the insurer of the Plan, found him eligible for, and paid him, Long Term Disability ("LTD") benefits from approximately November 2, 2010 until February 1, 2012.  In determining Plaintiff's pre-disability earnings for purposes of calculating his LTD benefit, STANDARD incorrectly failed to include regular bonuses that Plaintiff had received from his employer.  During his period of disability, Plaintiff received additional bonuses from his employer.  All of the LTD benefits that

TAYLOR v. STANDARD INS. CO., *et al.*
COMPLAINT                                                                3

1   Plaintiff received from Standard as well as substantial portions of the bonuses were
2   spent by Plaintiff when received in order to provide for his needs and his family's
3   needs.
4           7.      Subsequently, STANDARD informed Plaintiff that, as a result of the
5   post-disability bonuses that Plaintiff had received, it claimed a right to recover
6   approximately $81,000 in LTD benefits that it alleged it had overpaid.  Plaintiff
7   challenged STANDARD's self-serving selective recognition of his bonuses.
8   Plaintiff further argued that, under the Ninth Circuit's decision in *Bilyeau v.*
9   *Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083 (9th Cir. 2012), *cert.*
10  *den*. 133 S. Ct. 1242 (2013), no cognizable claim exists that allows STANDARD
11  to recoup the alleged overpayment.  In this connection, Plaintiff exhausted
12  STANDARD's administrative appeal process.
13          8.      On February 28, 2013, as part of the above-alleged administrative
14  process, Plaintiff's counsel informed the STANDARD by letter that Plaintiff was
15  represented by counsel and should be contacted only via counsel.  The letter
16  contained a specific request that notice of the representation should be provided to
17  any and all debt collectors that STANDARD might retain in connection with the
18  alleged overpayment.  On or about April 2, 2013, by letter, STANDARD
19  acknowledged receipt of the letter, acknowledged that Plaintiff was represented by
20  counsel, and acknowledged the request.
21          9.      On May 31, 2013, STANDARD sent counsel a letter denying
22  PLAINTIFF's administrative appeal of the alleged overpayment claim, which
23  letter explicitly acknowledged Plaintiff's citation to *Bilyeu*, *supra*, but failed to
24  offer any explanation or reasoning why the case did not apply to STANDARD's
25  collection efforts against Plaintiff.  On August 12, 2013, STANDARD called
26  counsel to say that the matter would be sent to collections if not paid, and
27
28  TAYLOR v. STANDARD INS. CO., *et al.*
    COMPLAINT                                                                    4

1  Plaintiff's attorney again instructed the STANDARD by phone that any and all

2  debt collectors should contact only Plaintiff's counsel.

3        10.    On August 21, 2013, defendant SAA sent a collection letter to

4  directly to the Plaintiff at his home in Oregon, purporting to act on behalf of

5  STANDARD and seeking to collect an alleged $81,000 LTD overpayment.  At the

6  time it sent that letter, SSA knew or should have known that Plaintiff was

7  represented by counsel.

8        11.    On August 23, 2013, defendant SAA contacted Plaintiff's attorney by

9  telephone, and in said call threatened to disregard the fact that Plaintiff was

10  represented by counsel, threatened to contact Plaintiff directly, further threatened

11  that "bad things" would happen if the purported debt were not paid promptly,

12  specifically threatened to ruin Plaintiff's credit report, and specifically threatened

13  to pursue a civil action against the Plaintiff.

14        12.    On August 23, 2013, Plaintiff's attorney responded to SAA's call with

15  a letter delivered by both facsimile and U.S. Mail.  The letter re-identified

16  Plaintiff's counsel, stated that the debt was disputed, and demanded written

17  validation of the debt.

18        13.    Thirty days later, on September 23, 2013, SSA sent counsel an e-mail

19  purporting to constitute the debt validation.  To the email was attached a copy of

20  STANDARD's May 31, 2013 letter.  Counsel requested that the validation be

21  delivered by U.S. Mail, and SSA refused.  In a subsequent email also sent on

22  September 23, 2013, SSA demanded settlement of the purported debt for 66% of

23  the total alleged amount, and threatened a lawsuit if Plaintiff did not pay such

24  amount in full within seven days.

25  / / /

26  / / /

27

28  TAYLOR v. STANDARD INS. CO., *et al.*
COMPLAINT                        5

# FIRST CAUSE OF ACTION

## Declaratory and Injunctive Relief under ERISA § 502(a)(3)
## (against all defendants)

14.    Plaintiff realleges and incorporates by reference all allegations contained in the foregoing paragraphs as if fully stated herein.

15.    ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

16.    ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

17.    ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

18.    ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1) allows a participant or beneficiary to bring suit to obtain declaratory relief to "clarify his rights to future benefits" under the terms of a plan.  ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) allows a participant or beneficiary to bring an action to "enjoin any act or practice which violates any provision of this title or the terms of a plan, or [] to obtain other appropriate relief (i) to redress such violations or (ii) to enforce any provision of this title or the terms o the plan."

19.    A real and actual dispute has arisen between Plaintiff and the Defendants as to whether a debt is owed by Plaintiff to either of them.

STANDARD, on its own behalf and through SSA, asserts that (a) it overpaid Plaintiff's LTD benefits in the amount of approximately $81,000, and (b) that it has a legally cognizable claim to collect said funds from Plaintiff in a civil action under the terms of the Plan.  Plaintiff, by contrast, contends that STANDARD incorrectly calculated his LTD benefits in the first instance, wherefore there was never an overpayment of benefits, and further, even if there had been an overpayment, the Ninth Circuit's decision in *Bilyeu*, *supra*, makes clear that there is no cognizable claim under ERISA by which STANDARD may recoup such overpayment of benefits.

20.     By attempting to collect the alleged overpayment, by sending it collections, by threatening to ruin Plaintiff's credit, and by threatening to pursue civil litigation, STANDARD is breaching its fiduciary duties under ERISA, is violating the terms of the Plan, and is violating ERISA.

21.     Wherefore, Plaintiff prays for a declaratory judgment adjudicating that STANDARD and SAA have no claim against him, and for his attorneys fees and costs incurred herein, pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), in an amount to be established at or after trial.

22.     Wherefore, Plaintiff further prays for injunctive relief in the form of an order directing Defendants to cease and desist all collection efforts of any and every kind whatsoever related to their claim that Plaintiff must repay approximately $81,000 in alleged overpaid LTD benefits.

## SECOND CAUSE OF ACTION

### Violations of the FDCPA
### (against all defendants)

23.     Plaintiff realleges and incorporates by reference all allegations contained in the foregoing paragraphs as if fully stated herein.

24.     The FDCPA, 15 U.S.C. § 1692g requires that, no later than

TAYLOR v. STANDARD INS. CO., *et al.*
COMPLAINT                                                                    7

thirty days following written notice that a debtor disputes a debt, the debt collector shall provide the debtor with written validation via U.S. Mail, and shall cease all collection activities until doing so.

25.     The FDCPA, 15 U.S.C. § 1692b(6) and 1692c(a) prohibit debt collectors from contacting a debtor when the debt collector knows or should know that the debtor is represented by an attorney.

26.     The FDCPA, 15 U.S.C. § 1692d prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct.

27.     The FDCPA, 15 U.S.C. § 1692e prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt."

28.     The FDCPA, 15 U.S.C. § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

29.     By committing the acts alleged herein, SSA has violated each of these sections of the FDCPA.  Specifically, and without limitation,

(a)     by refusing and failing to provide debt validation by U.S. Mail within 30 days of the written request, and by engaging in collection activities in the form of a settlement demand prior to providing such validation, SAA violated § 1692g;

(b)     by sending a collection letter directly to the Plaintiff when it knew that he was represented by counsel SAA violated §§ 1692b and 1692c;

(c)     by threatening that "bad things" would happen and threatening to sue Plaintiff and ruin his credit, SSA violated § 1692d;

(d)     by threatening to make damaging credit reports and to pursue legal action on a debt that is not legally cognizable, SAA violated §§ 1692e and 1692f.

1  Plaintiff is informed and believes and thereon alleges that SAA failed to institute

2  measures designed to prevent the commission of these violations, and that none of

3  the violations was the product of a bona fide error.  Defendant SAA committed

4  these violations in its capacity as a representative and agent of STANDARD,

5  which bears *respondeat superior* liability for SAA's unlawful conduct.

6        30.      Wherefore, Plaintiff prays for relief in the form of actual

7  damages, statutory damages, attorney's fees and costs, in amounts to be proven at

8  trial, as set forth below.

9  ### PRAYER FOR RELIEF

10  WHEREFORE, Plaintiff prays for the following relief against all defendants:

11  A.    For appropriate relief pursuant to ERISA § 502(a)(3), 29 U.S.C. §

12        1132(a)(3), including but not limited to declaratory and injunctive relief in

13        the form of an order holding that the Defendants hold no cognizable debt

14        that they can collect from the Plaintiff, and enjoining the Defendants from

15        taking any collection activities or making any credit reports regarding same;

16  B.    For appropriate equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. §

17        1132(a)(3), including but not limited to an order equitably estopping

18        Defendants from refusing to enroll Plaintiff as a participant in the Plan,

19        affirmative injunctive relief in the form of an order requiring Plaintiff's

20        enrollment as a participant in the Plan, and a surcharge against the Plan and

21        or its administrators for any pecuniary injuries suffered by Plaintiff as a

22        result of Defendants' fiduciary breaches;

23  C.    For statutory damages under the FDCPA, 15 U.S.C. § 1692k(a)(2), in the

24        amount of $1,000 per discreet violation;

25  D.    For actual damages under the FDCPA, 15 U.S.C. § 1692k(a)(1), in an

26        amount to be proven at trial;

1   E.      For reasonable attorney's fees and costs incurred by Plaintiff in the

2           prosecution of this action pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

3   F.      For reasonable attorney's fees and costs incurred by Plaintiff in the

4           prosecution of this action pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3);

5   G.      For all such other and further relief as the Court deems appropriate.

6

7                              **JURY DEMAND**

8           Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff

9   demands a trial by jury in this action of all issues so triable.

10

11  DATED: Sept. 27, 2013                 **Creitz&**
                                          **Serebin** LLP

12

13                                        _____/s/ Joseph A. Creitz_____

14                                        Joseph A. Creitz, Attorneys for
                                          Plaintiff Timothy Taylor

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR v. STANDARD INS. CO., *et al.*
COMPLAINT                                                          10